IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DALE E. DENOYER, | ) | 8:14CV309 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| NEBRASKA ATTORNEY | ) | |
| GENERAL, and FRED BRITTEN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Dale DeNoyer's Motion to Reconsider (Filing No. 28) the court's Memorandum and Order dated March 30, 2015 (Filing No. 26). In that order, the court dismissed DeNoyer's Petition for Writ of Habeas Corpus because it failed to state a claim for relief. In addition, the court denied a certificate of appealability.

DeNoyer argues that, in the court's discussion of whether or not a certificate of appealability should issue in this case, the court improperly characterized DeNoyer's habeas corpus petition as one brought pursuant to 28 U.S.C. § 2254. DeNoyer is correct. Because DeNoyer is a pretrial detainee, habeas corpus jurisdiction arises under 28 U.S.C. § 2241(c)(3) in this case.

DeNoyer also argues the court improperly denied a certificate of appealability because one is not required to appeal the denial of a petition brought pursuant to § 2241. On this issue, DeNoyer is incorrect. Title 28 U.S.C. § 2253 provides that:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]

28 U.S.C. § 2253(c)(1)(A). *See also Hoffler v. Bezio*, 726 F.3d 144, 154 (2nd Cir. 2013) (state prisoner must procure a certificate of appealability to appeal a denial of habeas relief sought pursuant to 29 U.S.C. § 2241); *Evans v. Circuit Court*, 569 F.3d 665, 666-67 (7th Cir. 2009) (same); *Wilson v. Belleque*, 554 F.3d 816, 824-25 (9th Cir. 2009) (same); *United States v. Cepero*, 224 F.3d 256, 264 (3d Cir. 2000) (same), abrogated on other grounds by *Gonzalez v. Thaler*, 132 S. Ct. at 647 n. 1; *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (same); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (same).

Thus, while it is correct that the court improperly characterized DeNoyer's petition as one arising under 28 U.S.C. § 2254 in its discussion of whether a certificate of appealability should issue, the result is the same. DeNoyer may not appeal the adverse ruling in this case unless he is granted a certificate of appealability, *see* 28 U.S.C. § 2253(c)(1)(A), and a certificate of appealability cannot be granted unless he "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). DeNoyer has not made a substantial showing of the denial of a constitutional right in this case.

IT IS THEREFORE ORDERED that: DeNoyer's Motion to Reconsider (Filing No. 28) is denied.

DATED this 9th day of April, 2015.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.